2009 OK CIV APP 3

Geraldine **KRENEK**, a/k/a Geri Krenek, as Personal Representative of the Estate of John Ulicky, Deceased, Plaintiff/Appellant,

v.

**ST. ANTHONY HOSPITAL**, Oklahoma City, Oklahoma, Defendant/Appellee.

No. 105,639.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 12, 2008.

Stanley M. Ward, Woodrow K. Glass, Scott F. Brockman, Scott K. Thomas, Ward & Glass, L.L.P., Norman, Oklahoma, for Plaintiff/Appellant.

Mary Beth Hanan, Alexander C. Vosler, Melissa L. Middleton, Johnson, Hanan & Heron, Oklahoma City, OK, for Defendant/Appellee.

ROBERT DICK BELL, Judge.

¶1 In this medical negligence action, Plaintiff/Appellant, Geraldine Krenek, a/k/a Geri Krenek, as Personal Representative of the Estate of John Ulicky, deceased, appeals the trial court's summary judgment in favor of Defendant/Appellee, St. Anthony Hospital, Oklahoma City, Oklahoma (Hospital). We reverse and remand for further proceedings.

¶2 Ulicky was 89–years old when he was admitted to St. Michael Campus, Geriatric Diagnostic Center, a center operated by Hospital, for symptoms suggestive of neuro-degenerative dementia. Due to his medical condition and advanced age, Ulicky required assistance with his hygiene, medications, personal care, dietary matters, and his ambulatory and transfer needs. His medications, advanced age and medical condition also affected his balance and stability.

¶3 While Ulicky was in Hospital's care, a healthcare aide employed by Hospital placed Ulicky in a wheeled shower chair in a shower facility. The shower facility had a sloped floor for drainage. Plaintiff alleges the aide failed to lock the wheels or restrain Ulicky in the shower chair. The aide left Ulicky unattended and the shower chair rolled forward to the center of the shower. Ulicky fell from the chair onto the floor striking his head and upper body. According to Plaintiff, this fall caused Ulicky to sustain three fractured ribs, bruises, contusions, and mental anguish and emotional distress.

¶ 4 Plaintiff brought the instant lawsuit claiming Hospital negligently and carelessly failed to restrain Ulicky or lock the brakes on the shower chair, and it negligently failed to attend to Ulicky while he was in the shower facility. Hospital denied Plaintiff's claims. Thereafter, it sought summary judgment on the basis that Plaintiff failed to come forward with proper medical expert testimony on causation. Defendant urged the nurse expert listed by Plaintiff was not qualified to testify as to medical causation.

¶ 5 Plaintiff countered medical knowledge was not necessary to establish the cause of her father's objective injury; thus, under *Boxberger v. Martin,* 1976 OK 78, 552 P.2d 370, it was unnecessary to prove causation with expert witness testimony. Plaintiff explained her purpose for retaining the nursing expert was to provide expert witness testimony about the applicable standard of care for Hospital employees caring for and attending to patients in a hospital shower facility.

¶ 6 The trial court entered judgment on behalf of Hospital. The court specifically ruled the essential proof may not be satisfied by the opinion of a non-physician nurse and Plaintiff failed to respond to the summary judgment motion with competent evidence or medical opinion to support her medical negligence claim. Plaintiff now appeals. This matter stands submitted without appellate briefs on the trial court record. *See* Rule 13, *Rules for District Courts,* 12 O.S. Supp.2002, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules,* 12 O.S. Supp.2003, Ch. 15, App.

¶ 7 In this medical negligence action, Plaintiff has the burden to prove Hospital's standard of medical care, that a duty existed and was breached, and that this breach of duty resulted in harm to the plaintiff. *Grayson v. State by and Through Children's Hosp. of Okla.,* 1992 OK CIV APP 116, ¶ 7, 838 P.2d 546, 549. Hospital's motion for summary judgment challenged Plaintiff's ability to meet her burden of proving causation. "A summary judgment for lack of causation is appropriate only if the 'trial court determines that the facts are insufficient to show cause in fact because a reasonable person could not believe in the existence of the causal link between the injury and facts relating to a defendant's conduct.'" *Jones v. Mercy Health Ctr., Inc.,* 2006 OK 83, ¶ 6, 155 P.3d 9, 12, *quoting Christian v. Gray,* 2003 OK 10, ¶ 50, 65 P.3d 591, 611. If reasonable minds are able to draw different inferences or conclusions from the facts, then a trial court should not grant summary judgment. *Id.*

¶ 8 Here, the trial court granted summary judgment on the basis that Plaintiff failed to come forward with the necessary expert testimony to prove her case. Generally, in hospital negligence cases, a plaintiff has the burden of producing expert testimony to support her *prima facie* case of negligence. However, where negligence may be inferred from the facts by a layman with common knowledge and experience, then expert medical testimony is not essential to support a cause of action for negligence. *Boxberger,* 1976 OK 78 at ¶ 14, 552 P.2d at 373.

> Expert medical testimony is not required to establish the cause of an objective injury where there is competent evidence, without such testimony, to establish the cause with reasonable certainty. The need for expert medical testimony is limited to establishing a proper standard of care physician should have followed.

*Id. See Turney v. Anspaugh,* 1978 OK 101, ¶ 20, 581 P.2d 1301 (explaining expert medical testimony is normally required to support a professional negligence case unless the negligence is so grossly apparent that layman would have no difficulty recognizing same); *Eversole v. Oklahoma Hosp. Founders Ass'n,* 1991 OK 80, ¶ 16, 818 P.2d 456 (holding an average person's knowledge or skill was sufficient to conclude that allowing a dizzy patient to walk and then allowing him to fall does not ordinarily occur in the care of patients and its occurrence is presumably a negligent act).

¶ 9 Here, Plaintiff presented sufficient evidence leading to the reasonable inference that Hospital's negligent failure to secure and supervise Ulicky while he sat on a wheeled chair in a shower facility contributed

to Ulicky's fall and resulting injuries. This origin of Ulicky's obvious injuries does not require a degree of knowledge or skill not possessed by an average person; instead, it is readily apparent to a layperson. Thus, expert medical testimony was not necessary to assist a fact-finder in determining whether Hospital's negligence caused or contributed to some of Ulicky's injuries.

¶10 It should be noted that Plaintiff also appears to be seeking recovery for pneumonia, pleural effusion and perhaps other injuries/disease processes whose causes, unlike other injuries, are not obvious or readily apparent to a layperson. The cause of injuries or disease processes such as these must still be proven by expert medical testimony.

■ ¶11 We acknowledge Hospital presented evidence disputing Plaintiff's facts relevant to causation. However, "[t]he determination of causation may be removed from the province of the fact-finder *only* when there is a complete lack of evidence and no reasonable inference tending to link the defendant's negligence to the plaintiff's harm." *Jones*, 2006 OK 83 at ¶24, 155 P.3d at 16 (emphasis in original). Therefore, the determination as to whether Ulicky's fall from the chair onto the sloped shower floor actually caused or contributed to Ulicky's injuries should have been left to the fact-finder. For the foregoing reasons, we hold the trial court erred in granting summary judgment to Hospital and reverse and remand for further proceedings.

¶12 REVERSED AND REMANDED.

MITCHELL, V.C.J., concurs; and BUETTNER, P.J., concurring in result.

BUETTNER, P.J., concurring in result.

¶13 Under the facts of this case, expert medical testimony would be necessary to prove the injuries complained of were caused by the fall alleged. In the absence of Plaintiff's properly supported Rule 13(d) request for additional time to depose Mr. Ulicky's treating physician, I would affirm the summary judgment. However, because the Rule 13(d) request was made and supported by affidavit, I would reverse and remand for a ruling on the request for additional time to obtain evidentiary materials to support opposition to the motion for summary judgment. The trial court did not specifically rule on the request, nor did Defendant specifically respond to the request. Although this case was filed June 23, 2006, and the motion for summary judgment was filed November 19, 2007, there is nothing in the appellate record reflecting whether the case had been set for trial, what deadlines had been set, whether discovery had concluded, or whether Plaintiff could have obtained an affidavit from the treating physician in a timely manner. As a result, the trial court should address Plaintiff's Rule 13(d) request.